In re Leonard W. JORDAN, Debtor.

No. 04–28437–K.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Aug. 10, 2004.

244

Madalyn S. Greenwood, Asst. U.S. Trustee, Memphis, TN, U.S. Trustee.

Steven F. Bilsky, Esquire, Memphis, TN, for debtor.

Richard T. Doughtie, III, Esquire, Memphis, TN, Chapter 7 Trustee.

## SUPPLEMENTAL MEMORANDUM * AND ORDER RE "UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO TRANSFER [CASE] VENUE" AND DEBTOR'S "RESPONSE TO UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO TRANSFER VENUE"

DAVID S. KENNEDY, Chief Judge.

This proceeding is before the court on the "United States Trustee's Motion to Dismiss or to Transfer [Case] Venue" and the "Response to United States Trustee's Motion to Dismiss or to Transfer Venue" filed thereto by the above-named debtor, Leonard W. Jordan ("Mr. Jordan"). By virtue of 28 U.S.C. § 157(b)(2)(A), this is a core proceeding. This also is a contested matter governed by FED. R. BANKR. P. 9014. The following shall constitute the court's findings of fact and conclusions of law in accordance with FED. R. BANKR. P. 7052.

The threshold issue presented for judicial determination here is whether the court has the authority, in its sound discretion, to retain a consumer (or business) bankruptcy case filed in a technically improper venue, provided retention is in the interest of justice or for the convenience of creditors and other parties in interest. If the answer to this question is in the negative, the court must either dismiss the case or transfer it to another district—retention of the case would not be an option. If the answer to this question is in the affirmative, the next question for judicial de-

---

* This "Supplemental Memorandum" shall be substituted for the court's original memorandum entered in this case on August 5, 2004.

termination is whether consideration of the totality of the particular facts and circumstances warrant (1) dismissal of Mr. Jordan's chapter 7 case under 11 U.S.C. § 707(a), (2) a change of venue to another district under 28 U.S.C. § 1412, or (3) retention of the case, pursuant to the court's sound discretion under its inherent or implicit authority, for further administration and ultimate formal closing.

Based on practical considerations, Mr. Jordan asserts here that case venue is appropriate in the Western District of Tennessee at Memphis, but even if it is not technically proper as contemplated under 28 U.S.C. § 1408, nonetheless the court under the totality of the existing facts and circumstances and applicable law should retain this case for administration based on the convenience of his creditors and other parties in interest including him or in the interest of justice. The United States trustee for Region 8 (Tennessee and Kentucky)("U.S. trustee") timely moved to dismiss the above-referenced chapter 7 case or to change the venue to another district contending that the only remedies or options available to the court upon a determination of improper case venue are dismissal or transfer of the case to another district, and that, pursuant to FED. R. BANKR. P. 1014(a)(2), absolutely no judicial discretion exists to allow for retention of this case by the court. It is noted from the outset that retention by the court of a bankruptcy case, after it has been determined that case venue is improper, is not specifically authorized by statute; neither, however, is case retention specifically prohibited by the Bankruptcy Code and the accompanying title 28 venue provisions.[1]

The relevant background facts may be briefly summarized as follows: On June 2, 2004, Mr. Jordan, a financially distressed consumer debtor, filed an original, no-asset chapter 7 petition in the Western District of Tennessee, Western Division, at Memphis. The Judicial District at Memphis under the existing circumstances was the choice of case venue selected by Mr. Jordan and his attorney, Steven F. Bilsky, Esquire for their accommodation and also the accommodation of Mr. Jordan's creditors and other parties in interest. Mr. Jordan resides and currently works[2] in Southaven, Mississippi, a so-called "bedroom community" or "suburb" of Memphis. Southaven is located immediately south of Memphis and is situated in the Northern District of Mississippi; actually, it is located just inside the Mississippi–Tennessee state line. In reality, Southaven, Mississippi, is literally one physical step away from Memphis, Tennessee (or vice-versa).

The Assistant U.S. trustee and Mr. Jordan's attorney entered into the following stipulation of facts ("Stipulation"):

- "The Debtor filed a voluntary petition under chapter 7 on June 2, 2004
- The Debtor's petition disclosed he resides at 2321 Ashland Drive, Southaven, Mississippi 38671, a city located in the Federal Judicial District for the Northern District of Mississippi.
- The Debtor checked the "venue" box asserting venue in the Western District of Tennessee was proper.[3]

---

**1.** As will be discussed later, a procedural rule purports to prohibit or foreclose the court from exercising its inherent or implicit discretionary authority to retain a technically improperly venued case even under appropriate facts and circumstances and for the convenience of creditors and other parties in interest or in the interest of justice.

**2.** Mr. Jordan's Schedule I reflects that he has worked for two weeks with Manpower of Southaven as a temporary worker.

**3.** It is noted that Official Bankruptcy Forms 1 (Voluntary Petition) and 5 (Involuntary Petition) address, among other things, venue information. Two venue related boxes exist for

- The Debtor's Schedule A lists the Debtor's ownership of real property located at 2321 Ashland Drive, Southaven, Mississippi 38671.
- The Debtor's Schedule C claimed exemptions under the statutes of Mississippi.
- The Debtor's Schedule D lists the address of the creditor that holds the mortgage on the Debtor's real property as Louisville, Kentucky.
- The Debtor's Schedule F lists eight national creditors with only one creditor having a Memphis address. The Memphis creditor holds 11.7% of the Debtor's unsecured debt.
- The Debtor's Schedule I lists a Mississippi employer.
- The Debtor answered in the negative to question No. 15 of the Statement of Financial Affairs regarding a prior address within two years immediately proceeding (sic) the commencement of the Debtor's bankruptcy case.
- The Debtor answered in the negative to question No. 18 of the Statement of Financial Affairs to having an interest in a business within six years immediately preceding the commencement of the Debtor's bankruptcy case.

- The Debtor's Schedules do not disclose any tangible assets located in the Western District of Tennessee.
- The United States Trustee filed a timely Motion to Dismiss or Transfer Venue on June 15, 2004.
- On July 2, 2004 the Court issued a Notice of Pre–Trial Conference for July 27, 2004 on the United States Trustee's Motion to Dismiss or Transfer Venue.
- On July 27, 2004, upon agreement of the Debtor and United States Trustee, the United States Trustee's Motion to Dismiss or Transfer Venue was continued to August 17, 2004.
- Upon written request for the Honorable David S. Kennedy on July 28, 2004, and at a telephonic conference held on July 29, 2004, the hearing on the United States Trustee's Motion to Dismiss or Transfer Venue was advanced to August 3, 2004."

The instant motion of the United States trustee correctly states that it was "timely" filed on June 15, 2004, in an effort to dismiss this case or alternatively to change the venue to another district alleging that "[a] review of the Petition does not support

the debtor(s) or petitioning creditor(s) to check. One box is for proper venue under 28 U.S.C. § 1408(1); and the second box is for proper venue under 28 U.S.C. § 1408(2). No box currently exists to check for a technically improper venue although it may be for the convenience of the creditors and other parties in interest or in the interest of justice. To avoid possible confusion and uncertainty and to promote statistical clarity and accuracy, should a third box be included in Official Forms 1 and 5 to be checked if the venue that is selected is technically improper, but is actually for the convenience of the parties or in the interest of justice? If so, to address this matter in the near term should debtors in voluntary cases under sections 301 and 302 and petitioning creditors in involuntary cases under section 303 slightly alter Official Forms

1 and 5 by adding a third box as permitted by FED. R. BANKR. P. 9009 in the interest of facilitating the processing of accurate bankruptcy administration or should some other appropriate alteration be accomplished (*e.g.*, use of a separate venue statement)? It is observed that "[t]he use of the Official Forms has generally been held subject to a 'rule of substantial compliance'...." See the Advisory Committee Note accompanying FED. R. BANKR. P. 9009. The suggested slight alteration approach seemingly would be more preferable for numerous reasons rather than just leaving the two venue boxes unchecked in the event of improper venue, provided the venue of choice is for the convenience of creditors and other parties in interest or in the interest of justice.

the Debtor's assertion that a venue in this district [the Western District of Tennessee] is *appropriate.*" (Emphasis added). More specifically, the U.S. trustee seeks a dismissal of this case for asserted "lack of venue jurisdiction, pursuant to 28 U.S.C. § 1408 and FED. R. BANKR. P. 1014,"[4] or alternatively a "transfer of the instant case to a District in which venue jurisdiction would exist."[5] It was orally stated at the hearing on the instant motion that the United States trustee's alternative relief specifically seeks a transfer of the case venue to the Northern District of Mississippi where Mr. Jordan lives and currently works. Mr. Jordan's Response filed on July 1, 2004, essentially asserts for practical reasons that case venue is appropriate in the Western District of Tennessee at Memphis because of the convenience of the parties or the interest of justice.

Interestingly, no creditor of Mr. Jordan or other party in interest has filed a similar motion seeking a case dismissal or transfer of venue to the Northern District of Mississippi or to any other judicial district; and no creditor or other party in interest has sought to intervene pursuant to FED. R. BANKR. P. 7024 in the U.S. trustee's instant motion seeking to dismiss the case or transfer the venue to another district. Perhaps understandably so; no Mississippi creditor exists as Mr. Jordan's Schedules and the parties' Stipulation list nine nationwide creditors as follows: Kentucky (3); Virginia (2); Delaware (1); Oregon (1); Memphis, Tennessee (1); and California (1). Mr. Jordan's attorney herein is located in Memphis, Tennessee.

■ Notwithstanding the proper/improper case venue dichotomy, there indeed are compelling practical reasons which support retention of the venue of this case in the Western District of Tennessee at Memphis (*e.g.,* close proximity to a bankruptcy court). An individual could literally straddle the Tennessee/Mississippi line by having one leg placed in Southaven, Mississippi and the other leg placed in Memphis, Tennessee. Many Southaven residents are employed and have major creditors located in Memphis. The nearest Mississippi bankruptcy court duty station is located in the Northern District of

---

4. *Compare* 11 U.S.C. § 707(a) which sets forth a non-exhaustive list of reasons warranting a case dismissal. (Court may dismiss a chapter 7 case "for cause," after notice and a hearing).

5. 11 U.S.C. § 307 provides as follows:

 The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

 The supervisory duties of the U.S. trustee are illustrated and set forth in 28 U.S.C. § 586. Assuming for discussion that the statutory role of the U.S. trustee includes filing such case venue motions, rather than possibly filing with the court comments with respect to such motions commenced by creditors and other parties in interest in particular cases, should case dismissal or change of venue motions be filed in every case by the U.S. trustee

involving a technically improper venue without regard to the underlying facts and circumstances and consideration of the statutory standards ("for the convenience of the parties" or "in the interest of justice")? Does the U.S. trustee's newly assumed role of "venue police" actually create potential irreconcilable tension between the real motivation and intent of the U.S. trustee in apparently attempting to alter to an extent the caseload of adjoining Judicial Districts and with the title 28 venue standards involving "for the convenience of the parties" or "in the interest of justice" to be considered on a particular case-by-case basis, and also with the judicial goal of FED. R. BANKR. P. 1001 ("to secure the just, speedy, and inexpensive determination of every case and proceeding")? Perhaps in the final analysis, the U.S. trustee's actual motivation for filing such motions is misplaced considering the standards of the convenience of the parties or the interest of justice. See also 28 U.S.C. § 586(a)(3)(G).

Mississippi at Oxford, which is located approximately 75 miles southeast of Southaven/Memphis, or possibly Aberdeen, Mississippi, which is located approximately 130 miles southeast of Southaven/Memphis. Memphis is much closer and more readily accessible to Mr. Jordan's creditors, if they seek access to a bankruptcy court in this case.[6] Additionally, the U.S. trustee for Region 8, the movant here, is actually located in the same private office building as the Memphis bankruptcy court. The Chapter 7 trustee appointed by the United States trustee for Region 8 in this case also is located in Memphis. Compared to Memphis, the bankruptcy bar in Southaven, Mississippi is quite small. Of course, practicalities, standing alone, are not sufficient reasons to justify this court's retention of this case.

It was repeatedly said under the former Bankruptcy Act of 1898 and also under the Bankruptcy Reform Act of 1978 that venue of bankruptcy cases (but not specific civil action lawsuits or other proceedings) has become increasingly unimportant over the years (discussed more fully hereinafter). Of recent times, case venue in this Judicial District has become somewhat of a controversial subject matter due to the current role unexpectedly assumed by the United States trustee for Region 8 to evidently file a motion to dismiss or transfer the venue in all cases filed in the Western District of Tennessee at Memphis when case venue under 28 U.S.C. § 1408 is technically improper (even though retention of the case actually may be in the interest of justice or for the convenience of the debt-

or's creditors and other parties in interest in a particular case). The underlying case venue focus in most bankruptcy courts traditionally and ordinarily is on what is "for the convenience of the parties" or "in the interest of justice" in order to, inter alia, "secure the just, speedy, and inexpensive determination of every case and proceeding" in accordance with the judicial goal set forth in FED. R. BANKR. P. 1001.

■ Generally, utilization and implementation of prohibitive or restrictive per se rules, as suggested by the U.S. trustee here, are not favored in an equity court. However, due to, for example, the permissive filing provisions under 28 U.S.C. § 1408(1)-(2), the filing requirements of FED. R. BANKR. P. 5005, and the expanded subject matter jurisdiction of the court under the Bankruptcy Reform Act of 1978 and its nationwide service of process pursuant to FED. R. BANKR. P. 7004, the bankruptcy system, of course, would be inequitably incomplete without some basic substantive fairness provisions and procedural rules to be triggered and applied on a case-by-case basis for protection of non-debtor parties in interest from abusive or unfairly manipulative debtors in voluntary bankruptcy cases or petitioning creditor(s) in involuntary bankruptcy cases who engage in inappropriate forum-shopping forcing non-debtor parties in interest to travel to trial or hearings at remote, inconvenient, or costly bankruptcy court locations. Quite naturally, close and careful judicial scrutiny is required in these matters. Not surprisingly, case or proceeding venue abuse and inequitable manipulation

---

**6.** The U.S. trustee for Region 8 suggested the possibility of the U.S. trustee for Region 5 someday convening meetings of creditors under 11 U.S.C. § 341(a) at Hernando, Mississippi, which is located in close proximity to Southaven/Memphis. Even assuming that this eventually happens, court matters before a bankruptcy judge would still be held in Oxford or Aberdeen, Mississippi. See 28 U.S.C. § 104(a). A § 341(a) meeting of creditors under the Bankruptcy Code is a nonjudicial meeting and is not a trial or an adjudicative hearing. *In re Kincaid*, 146 B.R. 387 (Bankr.W.D.Tenn.1992). (By virtue of 11 U.S.C. § 341(c), no judicial officer presides at the meeting of creditors.)

by debtors in voluntary cases, and petitioning creditors in involuntary cases, should be strongly discouraged. See, for example, 28 U.S.C. § 1412, FED. R. BANKR. P. 1014(a), FED. R. BANKR. P. 7087, and 11 U.S.C. § 105(a) for illustrations of protective statutory and procedural safeguards.

As will be seen later, it appears here that the zeal of the U.S. trustee in filing and prosecuting this motion, if eventually successful, could, inter alia, unfortunately defeat or summarily thwart the judicial goal contained in FED. R. BANKR. P. 1001 ("to secure the just, speedy, and inexpensive determination of every case and proceeding") and as a by-product unintentionally accomplish an undesired result or possible unintended consequences concerning, for example, Mr. Jordan's real creditors. That is, if the U.S. trustee's instant motion without recorded support from any creditor or other party in interest is granted, it could ironically force Mr. Jordan's creditors and other parties in interest including Mr. Jordan to an inconvenient and costly bankruptcy court location at the urging of the U.S. trustee if adversary proceedings and/or contested matters are filed with the bankruptcy court. It appears that the initial motivation of the U.S. trustee in filing such motions in all cases involving technically improper case venue without regard to the standards of "for the convenience of the parties" or "in the interest of justice" in particular cases was a broad effort or project to increase the statistical caseload of a particular private panel Chapter 13 trustee located in Region 5 [7] of the U.S. trustee program which is located in the Northern District of Mississippi, and at the same time diminish, in part, the caseload of the private panel trustees in the Western District of Tennessee at Memphis—seemingly without regard to the actual convenience of the debtors' creditors, debtors, and attorneys for both debtors and creditors, and other parties in interest in particular cases. (See the "tension discussion" referred to in footnote 5 above.)

A preliminary question that must be addressed by a debtor in contemplation of filing a voluntary bankruptcy case under section 301 or 302, or the petitioning creditor(s) in an involuntary case under section 303, after deciding to seek relief under the Bankruptcy Code, is where should the voluntary or involuntary "petition" be filed and processed.[8] Under the existing jurisdictional scheme, the United States district courts have original and exclusive jurisdiction to administer all bankruptcy cases.[9] After the reference by the United States district courts to the bankruptcy courts under 28 U.S.C. § 157(a), in which judicial bankruptcy district should the title 11 "case" be filed? This is, of course, a bankruptcy "case" venue question. The technically proper venue for a bankruptcy "case" is dealt with by 28 U.S.C. § 1408, infra.

▮▮ To determine whether case venue is technically proper or improper under the laws of Congress relating to bankruptcy requires, among other things, distinguishing between bankruptcy "cases" on the one hand and bankruptcy "civil pro-

---

7. See 28 U.S.C. § 581(a)(5) (the judicial districts established for the States of Louisiana and Mississippi).

8. "Petition" is defined in § 101(42) as follows:

 " 'Petition' means petition filed under section 301, 302, 303, or 304 of the title, as the case may be, commencing a *case* under this title." (Emphasis added).

9. Art 1, § 8, Cl. 4 of the U.S. Constitution; 28 U.S.C. §§ 1334(a) and 157(a). (The United States district court is initially vested with exclusive jurisdiction over bankruptcy "cases" and thereafter may refer such cases to the bankruptcy court.)

ceedings" on the other. Although not statutorily defined, the term "case" as used in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure is a term of art and broadly embraces every event from the initial filing of the petition under section 301, 302, 303, or 304 through and until its formal closing under section 350(a) after the bankruptcy estate is fully administered. Particular disputes or other specific events that arise within and during the pendency of a "case" generally are referred to as core or non-core civil "proceedings." Numerous "proceedings" may occur within a given bankruptcy "case."[10] To ask what is a proper venue of the "case" filed under the Bankruptcy Code is to ask the question in which bankruptcy court should the "petition" be filed (being mindful of the convenience of the parties or interest of justice standards). Once the bankruptcy "case" has been filed, most, but not all, of the "proceedings" filed within the case (*i.e.*, specific civil actions or lawsuits) will have the same venue subject to specific transfer of such proceedings. See 28 U.S.C. § 1409 (for proceeding venue); compare FED. R. BANKR. P. 7087 (for transfer of "proceeding" venue).

■ A "case" under the Bankruptcy Code may have proper venue in numerous different judicial districts. For example, it is conceivable that an individual debtor could have a current domicile in Tennessee, be residing in Mississippi, operating a sole proprietorship whose principal place of business is in Arkansas, whose principal assets consists of a shopping center located in Alabama, and whose future domicile is Missouri where the individual is from and intends to eventually return.

The following background information involving the prior superseded jurisdictional and venue legislation and related implemental procedures accompanying the Bankruptcy Reform Act of 1978 may be of some historical interest and assistance. The originally enacted title 28 jurisdictional and venue provisions that accompanied title 11 cases under the Bankruptcy Reform Act of 1978 are referred to below and are now superseded due to the 1984 jurisdictional restructuring by Congress. The superseded bankruptcy jurisdictional provisions in 1978 were found in 28 U.S.C. § 1471(a), (b), and (c) and provided:

### 28 U.S.C. § 1471. Jurisdiction

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

The relevant venue statutes, as originally enacted and accompanying the 1978

---

**10.** See *In re Pioneer Inv. Services Co.*, 946 F.2d 445 (6th Cir.1991), citing King, 38 VAND. L. REV. at 676–77 (footnote omitted). A "proceeding" in the bankruptcy court is akin to a civil action lawsuit in the United States district court or State court. A "case" under title 11 is unique to the bankruptcy court; there is nothing comparable to it in the United States district court or State court. On the other hand, bankruptcy "adversary proceedings" are quite comparable to civil actions in the United States district court or State court. See FED. R. BANKR. P. 7001(1)-(10); see also FED. R. BANKR. P. 9014 involving "contested matters."

Bankruptcy Code, also superseded in 1984, provided as follows:

Superseded 28 U.S.C. § 1472, entitled *Venue of cases under title 11,* provided as follows:

"Except as provided in section 1474 of this title, *a case* under title 11 *may be commenced in the bankruptcy court* for a district–

(1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180–day period than the domicile, residence, principal place of business, in the United States or principle assets, in the United States, of such person were located in any other district;(emphasis added);

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Superseded 28 U.S.C. § 1475 was entitled *Change of Venue* and stated:

A *bankruptcy court may transfer* a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties. (emphasis added).

Superseded 28 U.S.C. § 1477 was entitled *Cure or waiver of defects* and provided:

(a) The *bankruptcy court* of a district in which is filed a case or proceeding laying venue in the wrong division or district *may,* in the interest of justice and for the convenience of the parties, *retain* such case or proceedings, *or may trans-*

*fer,* under section 1475 of this title, such case or proceeding to any other district or division. (emphasis added).

(b) Nothing in this chapter shall impair the jurisdiction of a bankruptcy court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

Former Bankr.Rule 116 was the procedural vehicle that implemented these superseded title 28 venue statutes as well as the title 28 transfer provisions and provided in its entirety as follows:

(a) Proper Venue.

(1) *Natural Person.* A petition by or against a natural person may be filed in the district where the bankrupt has had his principal place of business, residence, or domicile for the preceding 6 months or for a longer portion thereof than in any other district. A petition by or against a natural person who has had no principal place of business, residence, or domicile within the United States during the preceding 6 months may be filed in a district wherein he has property.

(2) *Corporation or Partnership.* A petition by or against a corporation or partnership may be filed in the district (A) where the bankrupt has had its principal place of business or its principal assets for the preceding 6 months or for a longer portion thereof than in any other district; or (B) if there is no such district, in any district where the bankrupt has property.

(3) *Partner with Partnership or Co-partner.* Notwithstanding the foregoing: (A) a petition commencing a bankruptcy case may be filed by or against any general partner in a district where a petition under the Act by or against a partnership is pending; (B) a petition commencing a

bankruptcy case may be filed by or against a partnership or by or against any other general partner or by or against any combination of the partnership and the general partners in a district where a petition under the Act by or against a general partner is pending.

(4) *Affiliate.* Notwithstanding the foregoing, a petition commencing a bankruptcy case may be filed by or against an affiliate of the bankrupt in a district where a petition under the Act by or against the bankrupt is pending.

(b) *Transfer of Cases; Dismissal or Retention When Venue Improper.*

(1) *When Venue Proper.* Although a petition is filed in accordance with subdivision (a) of this rule, the court may after hearing on notice to the petitioner or petitioners or such other person as it may direct, in the interest of justice and for the convenience of the parties, transfer the case to any other district. The transfer may be ordered at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion.

(2) *When Venue Improper.* If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district. Such an order may be made at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion. Notwithstanding the foregoing, the court may without a hearing retain a case filed in a wrong district if no objection is raised.

As originally enacted under the Bankruptcy Reform Act of 1978, the bankruptcy court had pervasive jurisdiction; it was essentially, as many have said, a de facto independent trial court. In *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), judgment stayed, 459 U.S. 813, 103 S.Ct. 199, 74 L.Ed.2d 160, the Supreme Court, in a plurality opinion, held that Congress by passing 28 U.S.C. § 1471(c) impermissibly delegated Article III judicial powers to a non-Article III court (*i.e.,* too much power and not enough protection were afforded the nation's bankruptcy judges). The Supreme Court declared 28 U.S.C. § 1471(c) unconstitutional. It is important to note that the Supreme Court's *Marathon* decision only declared 28 U.S.C. § 1471(c) unconstitutional (*i.e.,* the statutory subsection provision that automatically referred all bankruptcy cases and proceedings to the bankruptcy court to exercise original jurisdiction without any withdrawal of the reference procedures). The Bankruptcy Code in title 11 containing the substantive bankruptcy laws, 28 U.S.C. § 1471(a)-(b) regarding jurisdiction of bankruptcy cases and proceedings, and the related title 28 bankruptcy case and proceeding venue statutes were not dealt with by the *Marathon* decision.

It is very important to emphasize that the *Marathon* jurisdictional opinion did not deal with the related title 28 case and proceeding venue provisions which were *not* the subject or focus of the Supreme Court's decision. After two years of jurisdictional chaos (but not venue chaos), Congress attempted to solve the jurisdictional/constitutional problem by granting original and exclusive jurisdiction of all bankruptcy cases and concurrent jurisdic-

tion of all civil bankruptcy proceedings to the Article III district court under 28 U.S.C. § 1334(a)-(b), and then authorizing the jurisdiction of such cases and proceedings to be delegated to the bankruptcy court to exercise original bankruptcy jurisdiction under the permissive reference provisions under 28 U.S.C. § 157(a), subject to the permissive and/or mandatory withdrawal of the reference provisions under 28 U.S.C. § 157(d). In accordance with the 1984 jurisdictional restructuring and resulting related amendments, the bankruptcy courts were reconstituted as statutory units or adjuncts of the United States district courts; and each bankruptcy judge, as a judicial officer of the district court, may exercise the judicial authority conferred under title 28 with respect to bankruptcy cases and civil proceedings. 28 U.S.C. §§ 151, 152, 1334(a)-(b), and 157.

The basic grant of jurisdiction in bankruptcy cases and proceedings under the 1984 restructuring by Congress currently is found in 28 U.S.C. § 1334. The principal subdivisions, (a) and (b) of section 1334, provide in their entireties as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

■■ The proper technical venue for the commencement of a case under the Bankruptcy Code created under the 1984 restructuring by Congress is now set forth in 28 U.S.C. § 1408, enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and entitled *Venue of cases under title 11.*[11] Section 1408 of title 28 supercedes prior 28 U.S.C. § 1472. Specifically, 28 U.S.C. § 1408 permissibly (not mandatorily) provides in its entirety as follows:

"Except as provided in section 1410 of this title, *a case* under title 11 *may be commenced* in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person where located in any other district (emphasis added); or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

It also is emphasized that 28 U.S.C. § 1408, dealing with technically proper venue of cases under title 11, is not jurisdictional in nature. Thus, improper bankruptcy "case" venue, unlike subject matter jurisdiction, can be waived. Compare Rule 12(b)(3) of the Federal Rules of Civil Procedure.

---

11. Pub.L. No. 98–353. Although section 1408(a) of title 28 superseded prior 28 U.S.C. § 1472(a), it is substantially similar except for some minor changes in the statutory wording and also, of course, the substitution of "district court" for "bankruptcy court" due to *Marathon.* Sparse legislative history exists under the 1984 bankruptcy amendments.

Due to the *Marathon* decision, 28 U.S.C. § 1408 statutorily specifies that bankruptcy case venue is properly in the United States district court rather than the bankruptcy court. Of course, this is consistent with the 1984 jurisdictional amendments, which placed jurisdiction and venue of bankruptcy cases and proceedings initially in the district court, and thereafter discretionally permitted the reference of cases and proceedings by the United States district court to the bankruptcy court, subject to the withdrawal provisions of 28 U.S.C. § 157(d). See 28 U.S.C. §§ 1334 and 157; Fed. R. Bankr. P. 9002(4).[12] The case and proceeding venue provisions enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 are discussed below.

Newly created 28 U.S.C. § 1409 addresses venue of "proceedings" arising under title 11 or arising in or related to cases under title 11 and provides as follows:

(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) A proceeding arising under title 11 or arising in or related to a case under title 11, based on 'a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

Fed. R. Bankr. P. 7087 along with 28 U.S.C. § 1412, infra, address change of venue of "proceedings."

■ Newly created 28 U.S.C. § 1412 enacted in 1984, entitled *Change of venue*, supercedes prior 28 U.S.C. § 1475 (*Change of venue*) and allows for a transfer of a case whether venue is proper or improper for the convenience of the parties or in the

---

**12.** Fed. R. Bankr. P. 9002(4) provides, *e.g.*, that "district court" or "district judge" means bankruptcy judge if the case or proceeding is pending before a bankruptcy judge.

interest of justice. It states in its entirety as follows:

> A *district court may transfer a case* or proceeding under title 11 *to* a district court for *another district*, in the interest of justice or for the convenience of the parties. (emphasis added).[13]

 What happened under the 1984 restructuring to prior 28 U.S.C. § 1477 and its cure or waiver of defects provisions that authorized the bankruptcy court to cure or waive defects by, for example, retaining a technically improperly venued case after applying the standards "in the interest of justice and for the convenience of the parties in particular cases?" This is a logical and obvious question. Many believe that due to Congress' rush at the last moment to resolve and finalize the *Marathon* jurisdictional problem, a similar "cure or waiver of defects" statute was inadvertently omitted as a drafting error or omission. This apparent legislative error or omission has created a case venue gap [14] under the 1984 restructuring. Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, infra, purports to fill this legislative gap or erroneous omission via procedural legislation. (This matter will be further discussed hereinafter.) [15]

 Unlike civil action lawsuits in the United States district court under 28 U.S.C. §§ 1404 (*Change of Venue*) and 1406 (*Cure or waiver of defects*), case venue under 28 U.S.C. § 1412 (*Change of venue*) may be transferred by the district court (*i.e.*, the bankruptcy court by virtue of 28 U.S.C. § 157(a)) to "another district" whether the district in which it could have been brought a proper venue or to an otherwise *improper* venue "in the interest of justice" or "for the convenience of the parties." The provisions of 28 U.S.C. §§ 1404 and 1406 that are applicable in the United States district court do *not* apply to bankruptcy "cases" under title 11 (*i.e.*, the provisions of §§ 1404 and 1406 do not apply to "cases" or "proceedings" under the Bankruptcy Code). For example, there is no mandatory requirement in 28 U.S.C. § 1412 (*Change of venue*) that the bankruptcy transfer a properly or improperly venued case "for the convenience of the parties" or "in the interest of justice" to a district in which the "case" could have been brought, as there is in 28 U.S.C. §§ 1404 and 1406 involving specific civil action lawsuits in the district court. Venue considerations in bankruptcy *cases* are decidedly quite different from venue issues

---

**13.** Although 28 U.S.C. § 1412 superseded prior 28 U.S.C. § 1475, it is substantially similar except for some minor changes in the statutory wording and also, of course, the substitution of "district court" for "bankruptcy court" due to *Marathon*.

**14.** See other title 28 statutory provisions where the comparably bankruptcy related statutes are broader in scope than in the United States district court. *See, e.g.,* 28 U.S.C. § 1441 and 28 U.S.C. § 1452(a) regarding removal of civil litigation from a State court to the United States district court or bankruptcy court. Pursuant to 28 U.S.C. § 1441(a) only a defendant may remove a civil action to the United States district court. By virtue of 28 U.S.C. § 1452(a), any party may remove any claim or cause of action in a

civil action to the bankruptcy court (with limited exceptions).

**15.** See also *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company, Etc.*, 529 U.S. 193, 203, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000), *citing Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 710, n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972) ("there have been, and perhaps there still are, occasional gaps in the venue laws, [but] Congress does not in general intend to create venue gaps, which take away with one hand what Congress has given by way of jurisdictional grant with the other. Thus, in construing venue statutes it is reasonable to prefer the construction that avoids leaving such a gap.")

involving specific civil action litigation in the United States district court. The major distinctions between these sections lead one to conclude, therefore, that precedents under 28 U.S.C. §§ 1404 and 1406 are not in their entireties relevant in interpreting the bankruptcy change of venue provisions of 28 U.S.C. § 1412 and related venue matters. 1 *Collier on Bankruptcy* ¶ 4.05[1], p. 4–38 (15th ed).

More specifically, in *In re Lazaro,* 128 B.R. 168, 172–174 (Bankr.W.D.Texas 1991), the court comprehensively set forth its distinctive reasoning on these important issues and stated as follows:

> With the 1984 BAFJA amendments a "change of venue" provision was preserved for Title 11 cases, while a "cure or waiver of defects" provision for such cases was deleted. By this did Congress intend for Section 1406 to now govern all federal cases *including* bankruptcy cases, or did Congress intend to have the "change of venue" section control all venue matters, regardless whether venue was proper or improper?
>
> Section 1406(a) was itself revised in 1960 to *add* the language permitting transfer of a case where original venue was improper, to ameliorate the harsh result under prior law which dictated that a case *had* to be *dismissed* if venue was improper. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369 (2d Cir.1966). The trend in the law is thus *away* from a harsh, rigid rule and toward a more practical, flexible alternative. The advisory committee's note to current Bankruptcy Rule 1014(a), by contrast, seems to back peddle toward rigidity and inflexibility, concluding as it does that Section 1406 *must* apply to bankruptcy cases, when the deletion of Section 1477 by the BAFJA amendments could just

as easily be interpreted as the logical next step in Congress' continuing retreat from rigid rules relating to venue in federal cases.

> There is another reason why the drafters of Bankruptcy Rule 1014 appear to have been mistaken in presuming that Section 1406(a) must control in bankruptcy cases (as they did in their drafting of Bankruptcy Rule 1014(a)(2)). The statute which the advisory committee note maintains was the predecessor to Section 1412 (Section 1477) authorized retention or transfer, but also permitted transfer to another district without regard to whether that district *itself* was a proper venue for the case. Section 1406(a), by contrast, permits transfer only to districts which are otherwise proper venues. Section 1412 is more in line with both prior Sections 1477 and 1475 than it is with Section 1406(a), in that it permits transfer to other districts, without regard to whether those districts are themselves proper venues. The *Boeckman* court [*In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985)] concluded that Congress did not intend to eliminate the option of retaining an improperly filed case by deleting the retention language formerly included in Section 1477. *In re Boeckman,* 54 B.R. at 111. "[T]he permissive language used in Section 1412 ... merely says that a district court 'may' transfer a case to another district; it does not say it must transfer the case, nor does it say that if the court determines not to transfer the case, that it must dismiss the case." *Id.* "[T]he wording of the statute indicates that the basis for the transfer should be 'in the interest of justice or for the convenience of the parties.' It seems logical that if a transfer is not in the interest of justice or for the convenience of the parties, the court may also decide not to transfer the case." *Id.*

It is an odd construction indeed to maintain that New Mexico would be free to transfer this case to the Western District of Texas (as the statute clearly authorizes), but that the Western District of Texas is not free to retain the self-same case. In fact, even Bankruptcy Rule 1014 permits transfer "to any other district" without limitation, if transfer is in the interest of justice or for the convenience of the parties. FED. R. BANKR. P. 1014(a)(2). At the very least, this relative flexibility in both the statute and the rule regarding transfer of cases "to any other district" is entirely inconsistent with the intractable notion that the same court, if it decides *not* to transfer to a district whose venue would be improper, must dismiss rather than keep it in an improper venue. *See In re Boeckman*, 54 B.R. at 111.

It seems especially significant that Congress deleted Section 1477, the bankruptcy counterpart to Section 1406, and preserved only the much more flexible change of venue provisions originally found in Section 1475 and now found in Section 1412. The court in *In re Leonard* persuasively argued:

> There is no legislative history which suggests in any way an intent to make a substantive change in the law. Section 1412 permits a transfer to *any* other district. It would make no sense to permit a transfer to any other district, i.e., one in which venue might be improper, and not permit retention in an improper venue. It would be anomalous to conclude that a debtor is prohibited from staring (sic) out in an improper venue when the case could be transferred to an improper venue. I hold, therefore, that if Congress did intend to repeal both § 1475, relating to transfer to *any* other district, and also § 1477, relating to retention in an improper forum,

and substitute therefor the new § 1412, the most probable intention of Congress was to streamline the language and not to make a substantive change. Congress may have believed that the power to retain an improperly venued case is implied, without the need for explicit authorization, so long as the district court venue chapter of title 28 contains no provision at all for the dismissal of bankruptcy cases brought in an improper venue, and so long as the transfer of venue provision of that chapter is couched in permissive rather than mandatory language.... Other possibilities exist, of course. Congress may have intended that the new § 1412, granting *district* courts the power to transfer cases, would simply leave unaffected both § 1475 and § 1477, which granted *bankruptcy* courts the power to either retain or transfer cases. If Congress' intent is unclear, then under the general rule of statutory construction as to mutually exclusive statutes passed on, and effective on, the same date, § 1477 would remain unaffected by either provision. *See* 1A Sutherland, *Statutory Construction*, § 23.17 (4th ed.1972). Therefore, I conclude that this Court continues to have authority to retain this case, even though venue is improper, "in the interest of justice and for the convenience of the parties."

*In re Leonard*, 55 B.R. 106, 109–10 (1985); *see also Baltimore Food Systems, Inc.*, 71 B.R. 795, 804 (Bankr. D.S.C.1986); *accord, In re Boeckman*, 54 B.R. at 111.

Congress seems to have recognized that venue considerations in bankruptcy cases are decidedly different from venue issues in general civil litigation (else why enact special venue provisions for bank-

ruptcy cases at all?), and that the hallmark for venue issues in Title 11 cases should be maximum flexibility, leaving to the courts the ability to move or not move bankruptcy cases ("[t]he district court *may* transfer . . ."), depending, in the words of the statute, on "the interest of justice and the convenience of the parties." 28 U.S.C. § 1412. Certainly this emphasis on broader, equitable considerations in bankruptcy cases is reflected in other procedural statutes as well. For example, removal in federal civil litigation is closely circumscribed, but removal in bankruptcy cases is broad, automatic, and governed by principles of equity. *Compare* 28 U.S.C. § 1441 *with* 28 U.S.C. § 1452

Interestingly, the language of Section 1412 itself all but mandates that retention be a legitimate alternative regardless whether venue is proper or not. The only statute directly relating to "change of venue" in bankruptcy cases found in Title 28 facially applies to *any* request for a change of venue, regardless of the reason and regardless of who asks for the change. Therefore, even requests for change of venue made by creditors who maintain that change is appropriate because venue was improper are nonetheless governed by Section 1412. Section 1412 itself then directs courts considering *transfer* to first consider the interest of justice and the convenience of the parties. Presumably, if the interest of justice and the convenience of the parties do not warrant transferring the case, then, under the statute, the court would be abusing its discretion if it *did* transfer the case, regardless whether venue is improper in the first instance. Thus, retention must be the logical consequence of a court's declining to transfer venue.

Nor does this interpretation invite abuse by debtors, though even if it did, it remains for Congress to fix the problem. It would seem that courts evaluating "the interest of justice" are well-advised to consider whether the debtor has been engaging in forum-shopping, and to transfer the case if that is what they conclude is going on. Section 1412 gives the court ample authority therefore to discourage abuse. By the same token, the flexibility built into Section 1412 prevents bankruptcy's equitable proceedings from being held hostage to inequitable procedural rules only marginally related to the realities of the bankruptcy process. Thus, in parts of the country such as far west Texas and southern New Mexico, parties already financially trapped need not be deprived of relief by virtue of an intractable and unreasonable bankruptcy venue rule which in operation permits only those who can afford to travel the right to bankruptcy relief. This is especially important to consumer debtors, who often find it difficult enough to even come up with the filing fee, much less travel hundreds of miles (no doubt having to take one or even two days off work, with no assurance that the job will be there for them when they get back from the hearing).

Rule 1014(a) of the Federal Rules of Bankruptcy Procedure, derived from former Bankr.Rule 116, was amended in 1987. It now purports to implement 28 U.S.C. § 1412 regarding change of "case" venue to another district—whether the transferee court is a proper venue or not. Specifically, Rule 1014(a) currently provides in its entirety as follows:

(1) **Cases Filed in Proper District**. If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other

district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2) **Cases Filed in Improper District.** If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

As will be discussed more fully below, Rule 1014(a)(2) and its accompanying Advisory Committee Note actually go far beyond the scope of the enabling statute, 28 U.S.C. § 1412 (*Change of venue*), and additionally address (1) case dismissal and (2) retention issues.

■ Both paragraphs 1 and 2 of subdivision (a) of FED. R. BANKR. P. 1014 were amended in 1987 to attempt to conform to the standard for the transfer of case venue in 28 U.S.C. § 1412 that was newly created in 1984. As noted earlier, superseded 28 U.S.C. § 1477 that contained cure or waiver of defects provisions authorized a bankruptcy court either to transfer or retain a case which had been commenced in a district where venue was technically improper for the convenience of the parties or in the interest of justice. It is again emphasized here that current 28 U.S.C. § 1412 authorizes only the transfer of a case (or proceeding); the statute is completely silent regarding case dismissal and retention issues involving the curing or waiving of defects "for the convenience of the parties" or "in the interest of justice." Important-

ly, as stated earlier, a transfer of a case under current 28 U.S.C. § 1412 may be to an otherwise improper district unlike the United States district court provisions in 28 U.S.C. §§ 1404 and 1406(a). Amended Rule 1014(a)(2), discussed above, deleted the reference to retention of a case filed in the technically improper district. Dismissal of a case commenced in the improper district was added to the procedural rule after the 1984 restructuring pursuant to the Rules Enabling Act, 28 U.S.C. §§ 2071–2077; however, Congress has not amended 28 U.S.C. § 1412 to allow for a case dismissal or to prohibit the court's retention of case venue in appropriate cases. Compare sections 707(a), 1112(b), and 1307(b) of the Bankruptcy Code that provide that "for cause" shown cases may be dismissed.[16] Compare FED. R. CIV. P. 12(b)(3).

■ Rule 1014 of the Federal Rules of Bankruptcy Procedure provides that if a "timely" motion to dismiss or transfer the "case" is not filed, the right to object to venue is waived, and the court may retain jurisdiction. The term "timely" is not statutorily defined and is a fact question to be addressed and decided on a case-by-case basis. (FED. R. BANKR. P. 7087 is the rule that implements the transfer of a "proceeding" to another district.) Mandatory case dismissal or transfer of a case under the Bankruptcy Code solely for the reason that venue is technically improper can be unduly harsh in a given case and occasionally constitute a punitive remedy or one that inequitably and inappropriately compromises and frustrates, among other things, the judicial goal set forth in FED. R. BANKR. P. 1001 ("to secure the just, speedy,

---

16. These subsections provide a non-exhaustive list of statutory illustrations warranting a case dismissal. Specifically, these subsections each provide "for cause, including" and then they set forth the illustrations. By virtue of 11 U.S.C. § 102(3) " 'includes' and 'including' are not limiting." Improper case venue may constitute cause warranting a case dismissal.

and inexpensive determination of every case and proceeding"). *See, for example, In re Hall, Bayoutree Associates, Ltd.,* 939 F.2d 802, 806 (9th Cir.1991).

In summary, FED. R. BANKR. P. 1014(a)(2), a procedural rule, essentially purports to modify or enlarge the statutory provisions of 28 U.S.C. § 1412 and attempts to authorize the court to not only transfer a case to another district but also, via procedural legislation, to additionally dismiss the case if a motion contesting venue is timely filed raising the technically improper venue issue. This procedural rule and its accompanying Advisory Committee Note also intend to limit, foreclose, or prohibit the option of the court to exercise its inherent or implicit authority, absent a prohibitive statute, and retain a technically improperly venued case, even if retention of the case is "for the convenience of the parties" or "in the interest of justice." [17] It is emphasized at the point that this rule's per se prohibition of retention on a case-by-case basis of an appropriate but technically improperly venued case seemingly flies in the face of the judicial goal sought to be achieved by FED. R. BANKR. P. 1001 that seeks to "secure the just, speedy, and inexpensive determination of every case and proceeding." It also is noted that FED. R. BANKR. P. 9030, mirroring Rule 82 of the Federal Rules of Civil Procedure, states that the Federal Rules of Bankruptcy Procedure shall not be construed to "extend or limit" the jurisdiction of the courts or the venue of any matters therein. As stated, Rule

1014(a)(2) purports to expand the scope of 28 U.S.C. § 1412 and also limit the court's inherent or implicit authority. See 28 U.S.C. § 2075; [18] *see also* FED. R. BANKR. P. 9030.

As noted above, the threshold issue presented here is whether the bankruptcy court (or the district court when exercising original bankruptcy jurisdiction) can, in its sound discretion, retain a technically improperly venued case upon the filing of a timely contested venue motion, notwithstanding contrary and prohibitive language found in a bankruptcy procedural rule (*i.e.,* Rule 1014(a)(2) and its accompanying Advisory Committee Note), if retention of the case actually is "for convenience of the parties" or "in the interest of justice."

The court finds in Mr. Jordan's case, considering a totality of the particular facts and circumstances and applicable law, that case venue in the Western District of Tennessee at Memphis is technically improper as contemplated under 28 U.S.C. § 1408(1)-(2). That is, the Western District of Tennessee is not a technically proper case venue as contemplated under the permissive statutory provisions set forth in 28 U.S.C. § 1408; the technically proper case venue here under 28 U.S.C. § 1408(a)(1) is in the Northern District of Mississippi where Mr. Jordan resides. Notwithstanding the proper/improper case venue distinction, Mr. Jordan, of course, can file this case in the Western District of Tennessee, subject to, for example, a change of venue to another district or a

---

17. A transfer in the interest of justice may include a consideration of the impact on the convenience of the parties as well as the broader concerns of equity and the administration of the bankruptcy system. *In re Capital Hotel Group, Inc.,* 206 B.R. 190 (Bankr. E.D.Mo.1997).

18. Specifically, 28 U.S.C. § 2075 provides in relevant part as follows:

The Supreme Court shall have the power to prescribe by general rules, the forms or process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.

Such rules shall not abridge, enlarge, or modify any substantive right.

case dismissal, after notice and a hearing. Standing alone, there is nothing inherently sinister, vexatious, or contrary to accepted good faith principles about filing a bankruptcy case in a technically improper venue. It should be emphasized that 28 U.S.C. § 1408 regarding case venue is permissive in nature.

A split of authority exists regarding whether the court can retain a technically improperly venued case upon the filing of a timely motion of a party in interest contesting the case venue notwithstanding consideration of the standards "for the convenience of the parties" or "in the interest of justice." In spite of the absence of specific statutory authority, some courts strongly express the view, among other views, that since 28 U.S.C. § 1412 only permits a transfer to a district in which case venue is proper or improper and no statutory retention prohibition exists, a court can and should in its sound discretion, pursuant to its inherent or implicit authority, be permitted under appropriate facts and circumstances to retain a case despite technically improper venue, if doing so would be "in the interest of justice" or "for the convenience of the parties." These courts have concluded that the 1984 jurisdictional restructuring and related amendments (and gaps and omissions) did not strip the court of its inherent or implicit authority, absent a specific statutory prohibition to the contrary, to retain a case filed in the improper venue "for the convenience of the parties" or "in the interest of justice." There being no statutory prohibition against case retention, these courts thusly conclude that the authority to retain an improperly venued case is inherent or implied without the need for explicit statutory authorization so long as

the transfer of venue provision under 28 U.S.C. § 1412 is couched in *permissive* rather than mandatory language (as it currently is), and retention is otherwise appropriate and "in the interest of justice" or" for the convenience of creditors, notwithstanding Rule 1014(a)(2)." [19] A procedural rule under these circumstances should not limit the court's authority to attempt to achieve the judicial goal set forth in FED. R. BANKR. P. 1001 and the public interest in facilitating the prompt and less costly processing of bankruptcy administration. *See, for example, In re Capital Hotel Group, Inc.,* 206 B.R. 190 (Bankr.E.D.Mo.1997); *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex.1991); *In re Monterey Equities–Hillside,* 73 B.R. 749 (Bankr.N.D.Cal.1987); *In re Baltimore Food Systems,* 71 B.R. 795, 804 (Bankr. D.S.C.1986); *In re Leonard,* 55 B.R. 106, 110 (Bankr.D.D.C.1985); *In re Boeckman,* 54 B.R. 110, 111 (Bankr.D.S.D.1985).

Other courts express a contrary, restrictive, or prohibitive per se view and hold that since 28 U.S.C. § 1412 regarding change of venue does not expressly provide for retention of a technically improperly venued case, the court by virtue of the procedural rule, FED. R. BANKR. P. 1014(a)(2) and its accompanying Advisory Committee Note, cannot retain an improperly venued case upon the filing of a timely contested venue motion, and must either transfer or dismiss the case venue, even if retention is otherwise appropriate and clearly "for the convenience of the parties" or "in the interest of justice." However harsh or absurd the result may be in a given case, these courts steadfastly hold upon the filing of a timely contested venue motion, absolutely no discretion exists to

---

**19.** See also *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company, Etc.,* 529 U.S. 193, 203, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000), *citing United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) ("The word 'may' when used in a statute usually implies some degree of discretion.").

retain an improperly venued case under any set of circumstances. Relying on a procedural rule, Rule 1014(a)(2), and its accompanying Advisory Committee Note, these courts essentially hold that since the statute, 28 U.S.C. § 1412, is silent on the retention issue, the court is completely powerless to retain improperly venued cases upon a timely motion challenging venue, and instead leave it to Congress to legislatively resolve the matter.[20] That is, a prohibitive per se rule is adopted by these courts in all such cases regardless of the facts and circumstances and equities of particular cases and resulting consequences. *See, for example, In re Swinney,* 309 B.R. 638 (M.D.Ga.2004), *appeal docketed,* No. 04–12639 (11th Cir., June 3, 2004); *In re Pannell,* 243 B.R. 23 (Bankr. S.D.Ohio 1999); *In re McDonald,* 219 B.R. 804 (Bankr.W.D.Tenn.1998)(Judge Jennie D. Latta); *In re Berryhill,* 182 B.R. 29, 31 (Bankr.W.D.Tenn.1995)(Judge William H. Brown).

As discussed on several earlier occasions here, it once again is emphasized that there is no express *statutory* provision under title 28 for the court to dismiss or retain an improperly venued case upon a timely motion being filed to contest technically improper venue. Only Rule 1014(a) and its Advisory Committee note address case dismissal or retention in such a venue context. Likewise, there is no express *statutory* provision foreclosing or prohibiting the court from utilizing its inherent or implicit authority in proper circumstances from retaining an improperly venued case "for the convenience of the parties" or "in the interest of justice." There does not appear to be any indication in the scant legislative history underlying the 1984 restructuring and related amendments which would dictate a result contrary to the court's inherent or implicit authority to retain this case (or like cases) "for the convenience of the parties" or "in the interest of justice" even upon the filing of a timely motion contesting venue. *See* generally, *for example, In re United States Aviex Co., Inc.* 96 B.R. 874 (N.D.Ind.1989); *accord, In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985) citing 1 Collier on Bankruptcy, ¶ 4.03 (15th ed).

It is said that Rule 1014(a)(2) unfortunately indulges in impermissible procedural legislation contrary to the provisions of 28 U.S.C. § 2075 by limiting the court's inherent or implicit authority and also by modifying or enlarging the scope of the enabling venue transfer provisions contained in 28 U.S.C. § 1412 to include a case dismissal provision for improper venue and concomitantly preclude, ipso facto, retention of improperly venued cases on a prohibitive per se rule basis in every case regardless of the circumstances or equities.[21] Accordingly, the following question,

---

**20.** If Congress eventually resorts to amendatory legislation to address this bankruptcy case retention issue, it appears to the court that the logical approach and conforming solution would be for Congress to consider substantially adopting the curing and waiving of defects provisions of prior 28 U.S.C. § 2077 entitled *Cure or waiver of defects* except for some minor changes and also, of course, with the substitution of "district court" for "bankruptcy court." That is, Congress might consider creating a new 28 U.S.C. § 1413 to add the clarifying cure or waiver of defects provisions. This suggested approach and conforming solution would be consistent with Congress' passing of 28 U.S.C. § 1408 (*Venue of cases under title 11*) superceding prior 28 U.S.C. § 1472 (except for minor changes and the substitution of "district court" for "bankruptcy court") and also 28 U.S.C. § 1412 (*Change of venue*) superceding prior 28 U.S.C. § 1475 (except of minor changes and the substitution of "district court" for "bankruptcy court"). This suggestion, if legislatively adopted, would close the existing bankruptcy case venue gap.

**21.** De jure or de facto procedural legislation is a controversial subject. See generally, James E. Bailey, III, *Legislating Procedure in*

among others, is raised: Is it logical to allow considering the statutory standards of "in the interest of justice" or "for the convenience of the parties" to place the case at Memphis if the bankruptcy petition is properly filed elsewhere but if improperly filed at Memphis, not to allow it to remain there?

By way of specific factual illustration and judicial opinion comparison, in *In re Lazaro*, 128 B.R. 168 (Bankr.W.D.Texas 1991) (discussed above), the Internal Revenue Service ("IRS") filed a motion to dismiss a chapter 11 case filed in the Western District of Texas, El Paso Division, or alternatively to transfer the case to the District of New Mexico for improper case venue. Debtors resided and worked in Las Cruces, New Mexico, a distant suburb of El Paso. The closest major city located approximately 39 miles north of El Paso is Las Cruces which is located in the District of New Mexico. At times relevant here, the Bankruptcy Court for the District of New Mexico only sat in Las Cruces three or four times a year, requiring parties who needed more frequent hearings to travel to Albuquerque, approximately 225 miles to the north. So inconvenient was Las Cruces for bankruptcy matters that an estimated 10% of the bankruptcy filings in El Paso were in fact made by Las Cruces residents. The bankruptcy bar in Las Cruces also was quite small, and the El Paso lawyers frequently served that market though they filed for the clients in El Paso rather than Las Cruces. The *Lazaro* court held under the existing facts and circumstances that case venue was not proper in the Western District of Texas, El Paso Division; however, the court held that it could under the totality of the particular facts and circumstances retain a

case filed in an improper venue, despite contrary language found in the procedural rule, for the convenience of the parties or in the interest of justice.

■ This court agrees, adopts, and incorporates the reasoning and rationale of, among others, the *Lazaro* decision. Accordingly, the court finds and concludes, with all due respect to the Rules Enabling Act, 28 U.S.C. §§ 2071–2077, that upon a determination of improper case venue, a court, in its sound discretion, pursuant to its inherent or implicit authority, on a case-by-case basis, may (1) transfer the case to another district, (2) dismiss a case "for cause" under section 707(a), 1112(b), or 1307(b), or (3) under proper facts and circumstances retain the case for the "convenience of the parties" or "the interest of justice."

■ Dismissal or change of venue motions of the nature filed by the United States trustee here, absent an express *statutory* prohibition restricting the court's inherent or implicit authority should be dealt with on a case-by-case basis utilizing sound judicial discretion after considering a totality of the particular facts and circumstances of each particular case before the case is (1) dismissed, (2) transferred to another district, (3) or retained. It has been said that absent express statutory authority, the court's flexibility in venue matters and also the judicial goal set forth in Fed. R. Bank. P. 1001 should not be held hostage to a prohibitive or restrictive per se procedural rule to be applied in every case regardless of the interest of justice or the convenience of, among others, the debtor's creditors, debtors, attorneys for creditors and debtors, and other parties in interest. As stated in *In re Lazaro*, 128

*the Bankruptcy System: A Level Playing Field or Slippery Slope?* 24 Univ of Memphis Law Review 717 (1994).

B.R. at 175, Rule 1014(a)(2) only marginally relates to the realities of a modern day bankruptcy case (and also the obvious advantages of technological developments and resulting principles of economy). This is especially true and important when considering consumer debtors who seek relief under the Bankruptcy Code oftentimes find it difficult enough to even pay the statutorily required $209 case filing fee under 28 U.S.C. § 1930(a)-(b), much less also pay for excessive and unnecessary travel expenses to gain affordable and meaningful access to a bankruptcy court at the possible inconvenience, delay, and expense of their creditors in particular cases. The judicial outcomes of such venue motions discussed above should be based on a careful review and close scrutiny of the totality of the particular facts and circumstances of each case and consideration of basic fairness protections to allow the court to prevent inequitable abuses and unfair manipulative forum-shopping by debtors in voluntary cases and petitioning creditors in involuntary cases. *See also, for example, In re Capital Hotel Group, Inc.*, 206 B.R. 190 (Bankr.E.D.Mo.1997); *see also* 11 U.S.C. § 105(a) (The court may issue any order necessary or appropriate to prevent an abuse of process).

■ Having found that the court, in its discretion, pursuant to its inherent or implicit authority, under appropriate facts and circumstances and applicable law may retain "cases" filed in an improper district "for the convenience of the parties" or "in the interest of justice" even if a timely motion is filed to contest venue, the court next finds that current Rule 1014(a)(2) is inconsistent with 28 U.S.C. § 2075 and also FED. R. BANKR. P. 9030 and goes far beyond the scope of the enabling statute and also unduly limits the court's inherent or implicit authority.[22] The court now turns to the critical issue involving the burden and standard of proof in dealing with and disposing of such motions under 28 U.S.C. § 1412 and FED. R. BANKR. P. 1014(a), and whether the court here should (1) dismiss this case, (2) transfer it to another venue, or (3) retain it for further administration and formal closing. The party seeking a case dismissal or a change of venue (here the movant, the U.S. trustee for Region 8) has the burden of proof, which must be carried by a preponderance of the evidence.[23]

■ As stated earlier, Mr. Jordan, a resident of Southaven, Mississippi, and his attorney located in Memphis, Tennessee, as a practical accommodation for themselves and also Mr. Jordan's nine nationwide creditors, selected the Western District of Tennessee at Memphis as the case venue of choice to file this chapter 7 case, as he has no creditors located in the Northern District of Mississippi. Upon the filing of this case, an automatic stay went into effect by operation of law under 11 U.S.C. § 362(a); and a bankruptcy estate also was created by operation of law under 11 U.S.C. § 541(a). On June 4, 2004, the United States trustee promptly appointed R.T. Doughtie, Esquire, of Memphis, a highly experienced and professional private panel trustee. On June 7, 2004, the notice of the commencement of this case was entered setting, among other things, the section 341(a) meeting of creditors to be held at Memphis, Tennessee on July 7, 2004. On June 15, 2004, the United

---

**22.** See 28 U.S.C. § 2075, supra; FED. R. BANKR. P. 9033.

**23.** *See, e.g., In re Commonwealth Oil Refining,* 596 F.2d 1239 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Legend Indus. Inc.,* 49 B.R. 935 (Bankr.E.D.N.Y.1985).

States trustee filed the instant motion to dismiss this case or alternatively to transfer the venue to another district asserting that an improper venue exists under 28 U.S.C. § 1408. It should not be ignored in this case that there are no Mississippi creditors; and no creditors or other parties in interest have filed motions to dismiss Mr. Jordan's case or alternatively to transfer the case venue to another district, nor have any creditors or parties in interest made their support of the U.S. trustee's motion a part of the record. On July 7, 2004, the Memphis Chapter 7 trustee, after performing and completing the statutory duties set forth in 11 U.S.C. § 704, filed a trustee's report of no assets. From the Chapter 7 trustee's perspective, this section 541(a) estate apparently has been fully administered.

In accordance with the court's findings and conclusions reached above, upon a determination of improper venue, the court, after close and careful scrutiny, may in its sound discretion pursuant to its inherent or implicit authority (1) dismiss the case, (2) transfer the case to any other district whether venue is proper or improper "in the interest of justice" or "for the convenience of the parties," or (3) retain the case for the convenience of the parties in interest or in the interest of justice. Having determined that the court has the judicial discretion on a case-by-case basis to retain a technically improperly venued case "for the convenience of the parties" or "in the interest of justice," the last issue to address is whether the court under the totality of the facts and circumstances should (1) dismiss, (2) transfer, or (3) retain this case. Of course, to have the inherent or implicit authority to retain a case and to actually exercise such authority are entirely different issues. As discussed earlier, although Mr. Jordan resides and currently works in Southaven, he has no Mississippi creditors. Mr. Jordan and his attorney selected Memphis as their case venue of choice for obvious accommodating reasons for themselves and Mr. Jordan's creditors. No creditor or other party in interest, except for the U.S. trustee, has filed a motion to dismiss this case or to transfer it to another district (e.g., the Northern District of Mississippi). The U.S. trustee for Region 8 is acting alone seeking to dismiss this case or to change the venue to another district, presumably pursuant to its generally broad standing under 11 U.S.C. § 307 and statutory supervisory role under 28 U.S.C. § 586(a)[24] to accomplish an administrative goal not contemplated under 28 U.S.C. § 1412 or the Bankruptcy Code (i.e., title 11).

Additionally, it is noted that this court previously fixed September 7, 2004, as the bar date for Mr. Jordan's creditors, the U.S. trustee, and the chapter 7 trustee to file complaints objecting to his general discharge under 11 U.S.C. § 727(a) and FED. R. BANKR. P. 7001(4). If no such complaints are timely filed, the court shall under the existing facts and circumstances forthwith grant Mr. Jordan's discharge. See FED. R. BANKR. P. 4004(c). September 7, 2004, also was fixed as the bar date for creditors to file complaints under 11 U.S.C. § 523(a)(2), (4), (6), or (15) seeking to have particular debts declared to be nondischargeable (i.e., to be excepted from Mr. Jordan's general discharge). If no such complaints are timely filed under section 727(a) or section 523(a)(2), (4), (6), or (15), this case will be promptly closed in accordance with 11 U.S.C. § 350(a) and FED. R. BANKR. P. 5009. If such complaints (or, for example, contested matters governed by FED. R. BANKR. P. 9014) are filed accompanied with proper requests seeking

24. *Compare* FED. R. BANKR. P.2020.

to transfer the "proceeding" venue to a more appropriate district, the court would seriously consider such "proceeding" transfer of venue under 28 U.S.C. § 1412 and FED. R. BANKR. P. 7087 regarding the venue of one or more particular proceedings. If the "case" venue is transferred, a practical problem involving the chapter 7 trustee's fee arises. It appears that the chapter 7 trustee at Memphis has earned the full $60.00 trustee's fee. It also is noted that if the case venue is transferred to another district, it is likely the Memphis trustee will have to share some portion of the $60 fee with the Oxford or Aberdeen, Mississippi chapter 7 trustee.

■ The court also has considered here the following criteria that ordinarily are employed in determining whether to (1) dismiss, (2) transfer or (3) retain this case: (1) The proximity of creditors of every kind to the court; (2) the proximity of the debtor to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity of ancillary administration.[25]

Concluding, among other things, that FED. R. BANKR. P. 1014(a)(2) and its accompanying Advisory Committee Note are inconsistent with the applicable enabling statute[26] and also the court's inherent or implicit authority, and further concluding that the applicable enabling statute itself does not foreclose or prohibit retention of a case "in the interest of justice" or "for the convenience of the parties," the court additionally finds, after close and careful scrutiny and considering a totality of the particular facts and circumstances, that this case appropriately should be retained in the Western District of Tennessee at Memphis for further administration and formal closing (subject to possible later transfer to another district of one or more particular "proceedings" upon a timely request of a party in interest).[27] If the Chapter 7 trustee needs professional help involving, for example, Mississippi law, he can employ a professional under 11 U.S.C. § 327(a) Transfer of this "case" to the Northern District of Mississippi would not be convenient for any of Mr. Jordan's creditors or other parties in interest. The costs, time of travel, etc. under these facts and circumstances would impose an unnecessary burden on Mr. Jordan and his creditors and additionally unnecessarily impose upon an already very busy and highly regarded single Bankruptcy Court Judge in the Northern District of Mississippi. As mentioned earlier, Mr. Jordan's creditors are for the most part spread out nationwide and can travel to Memphis, if need be, more easily and less costly than they can travel to Oxford or Aberdeen, Mississippi (or any other location in the Northern District of Mississippi). This case is about ready to be formally closed under 11 U.S.C. § 350(a). Except for considerations of FED. R. BANKR. P. 1014(a)(2) and its Advisory Committee Note, there are

---

25. *See, e.g., In re Commonwealth Oil Ref. Co.,* 596 F.2d 1239 (5th Cir.1979), *cert. den.* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Walter,* 47 B.R. 240 (Bankr. N.D.Fla.1985).

26. See 28 U.S.C. § 2075; *see also, e.g., In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Texas 1991).

27. This court sensitively recognizes that this result is not uniform with the holdings rendered under similar circumstances by my two judicial colleagues at Memphis, Bankruptcy Judges William H. Brown and Jennie D. Latta; however, with all due respect I decline to follow their holdings in *In re McDonald,* 219 B.R. 804 (Bankr.W.D.Tenn.1998), and *In re Berryhill,* 182 B.R. 29 (Bankr.W.D.Tenn. 1995), respectively.

simply no compelling reasons to transfer the venue of this case.

Simply put and after careful review and close scrutiny of the totality of the particular facts and circumstances existing here, retention of this technically improper venued case in the Western District of Tennessee at Memphis is "in the interest of justice" and more "convenient" for the creditors and also Mr. Jordan and his counsel, especially in light of the now very far advanced stage of this case and estate administration.[28] Dismissal of this case is simply not under the circumstances a proper option. Dismissal is likely to result in the commencement of a second chapter 7 case and its accompanying delays and costs. No parties in interest will be served by dismissal of this case for improper venue. The case retention judicial result reached here under these underlying facts and circumstances also is compatible with equitable considerations and principles as well.[29] As noted earlier, an equity court ordinarily does not favor inflexible per se rules to the detriment of deserving parties.

In summary, considering the case record as a whole, the court finds and concludes that case venue is technically improper in the Western District of Tennessee; however, "in the interest of justice" or "for the convenience of the parties," case venue shall be retained in the Western District of Tennessee at Memphis for the reasons discussed above. The U.S. trustee's motion to dismiss this case or to transfer it to another district for improper venue is hereby denied (without prejudice to, for example, traditional creditors or other traditional parties in interest seeking, if desired, a transfer of "proceeding" venue under 28 U.S.C. § 1412 and FED. R. BANKR. P. 7087 provided appropriate civil proceedings are filed with the Memphis bankruptcy court). The U.S. trustee for Region 8 has failed to carry the required burden of proof under these facts and circumstances and applicable law to warrant either a case dismissal or transfer of the venue of this case to another district. Copies of this Order shall be promptly sent to the Assistant U.S. trustee for Region 8; Mr. Jordan's attorney, Steven F. Bilsky, Esquire; and the Chapter 7 trustee. Accordingly,

**IT IS SO ORDERED:**

---

28. Perhaps it also is more convenient under these circumstances for the U.S. trustee for Region 8 to oversee this estate rather than the U.S. trustee for Region 5.

29. In *Bank of Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966), the Supreme Court stated:

"Yet we do not read these statutory words [of the Bankruptcy Act] with the ease of a computer. There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction."